Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ÁNGEL CRUZ CABRERA

Recurrente

v.

DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN

Recurrido | KLRA202300604 | Revisión procedente del Departamento de Corrección y Rehabilitación

Caso núm.: PP-866-23 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

El recurso de referencia, presentado por derecho propio por un integrante de la población correccional, infringe de forma sustancial con los requisitos de nuestro Reglamento, cuyo cumplimiento era necesario para su consideración. Véase, por ejemplo, 4 LPRA Ap. XXII-B, R. 55 y 59. Por tal razón, se desestima el mismo.

Mediante el recurso de referencia, suscrito el 15 de noviembre de 2023, el Sr. Ángel Cruz Cabrera (el "Recurrente") solicita la intervención de este Tribunal a raíz de su inconformidad con su "Hoja sobre Control de Liquidación de Sentencia". Expuso que el Departamento de Corrección y Rehabilitación ("Corrección") le había notificado que, por el Recurrente haberse fugado, "el tiempo de evasión no se incluye en el tiempo de confinamiento"; es decir, "el tiempo de confinamiento es el tiempo ingresado en el penal". Según asevera el Recurrente, Corrección le notificó que su "mínimo" se cumplirá en enero de 2028, pues el Recurrente se fugó el 28 de junio de 2011 y no reingresó hasta el 12 de noviembre de 2020.

El Recurrente arguye que "no se desprende del expediente … denuncia, acusación, sentencia, informe y/o querella administrativa alguna que evidencie que se haya realizado algún procedimiento criminal" relacionado con alguna evasión.  Además, el Recurrente alude a la Ley 85-2022 y plantea que estuvo recluido desde el 1995 hasta junio de 2011.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia.  *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).  La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd*.  Los tribunales debemos ser celosos guardianes de nuestra jurisdicción.  *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).  Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Ley Núm. 201-2003, 4 LPRA sec. 24, *et seq.* ("Ley 201"), establece que el Tribunal de Apelaciones será un tribunal intermedio y estará a cargo de revisar, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia".  Art. 4.002 de la Ley 201, 4 LPRA sec. 24(u).

En cuanto a la competencia del Tribunal de Apelaciones, el Art. 4.006 de la Ley 201 (4 LPRA sec. 24y) dispone lo siguiente:

El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.

(b) Mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.

(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

(d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus*. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus*, pero su resolución en tales casos estará sujeta a revisión por el Tribunal de Apelaciones, en cuyo caso, siempre que ello fuera solicitado por parte interesada dentro de los diez (10) días después que le fuera notificada, el Juez Presidente del Tribunal Supremo nombrará un panel especial no menor de tres (3) jueces ni mayor de cinco (5) jueces que revisará la resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

(e) Cualquier otro asunto determinado por ley especial.

Nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA sec. 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y.  Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …".  3 LPRA sec. 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición final de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora.  Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de

la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

El escrito presentado por el Recurrente incumple de forma sustancial con los requisitos de la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34, cuyo cumplimiento es necesario para su perfeccionamiento. La parte que acude ante este Tribunal tiene la obligación de colocarnos en posición de poder determinar si tenemos jurisdicción para entender en el asunto y para revisar la determinación de la cual se recurre. *Morán v. Martí,* 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-1 (2013). Para ello, se requiere un señalamiento de los errores alegadamente cometidos por el ente recurrido y una discusión fundamentada de éstos, haciendo referencia a los hechos y al derecho que sustentan los planteamientos de la parte. *Íd.* De lo contrario, el recurso no se habrá perfeccionado y no tendremos autoridad para atenderlo. *Íd.*

El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003). Por lo tanto, el Recurrente venía obligado al fiel cumplimiento del trámite prescrito en las leyes y reglamentos aplicables al recurso instado ante nosotros. *Soto Pino, supra.* El hecho de que el Recurrente esté confinado no le concede un privilegio sobre otros litigantes en cuanto al trámite del recurso.

En este caso, el Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre el recurso. No demostró que Corrección hubiese emitido una decisión revisable por nosotros, sobre el asunto que plantea, ni que se haya presentado el recurso de forma oportuna, de existir tal

decisión. Así pues, no se nos colocó en posición de acreditar nuestra jurisdicción. Adviértase que el término jurisdiccional para presentar un recurso de revisión ante este Tribunal es de 30 días. Véase Regla 57 del Reglamento de este Tribunal. 4 LPRA Ap. XXII-B, R.57.

Más aún, el recurso presentado no identifica con precisión la solicitud formulada; tampoco se exponen adecuadamente los hechos o el derecho que podrían apoyar dicha solicitud. Tampoco se acompañó anejo alguno. Así pues, se incumplió con el requisito de incluir una relación fiel y concisa de los hechos procesales y materiales del caso y una referencia adecuada al derecho que podría sustentar el planteamiento del Recurrente.

Por las razones que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones